[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Pursuant to Crim.R. 12(J) and R.C. 2945.67, the state appeals from the trial court's granting of defendant-appellee John Watts's motion to suppress evidence identifying his voice as that of the perpetrator of a convenience-store robbery. In a single assignment of error, the state contends that the trial court erred as a matter of law in suppressing the voice identification, as the procedure used by the police was constitutional and reliable.
"When a witness has been confronted with a suspect before trial, due process requires a court to suppress an identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances." Statev. Davis (1996), 76 Ohio St.3d 107, 112, 666 N.E.2d 1099, 1105, citing State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819,Manson v. Brathwaite (1977), 432 U.S. 98, 97 S.Ct. 2243, and Neilv. Biggers (1972), 409 U.S. 188, 93 S.Ct. 375.
The historical facts surrounding the voice identification were for the trial court, sitting as the trier of fact, to determine. SeeState v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542, 547. The trial court found that during the robbery, the convenience-store clerk obtained only fleeting glimpses of the perpetrator but was able to tell police that he was wearing a white bubble jacket. Within twenty to thirty minutes, the police asked the clerk to come outside because "we have someone we would like you to identify." The officer told the clerk that "we have a possible suspect." She found Watts handcuffed and standing beside a police car. He was the only suspect presented for identification. He was not wearing a white jacket. Unable to recognize him by sight, the clerk identified Watts as the perpetrator after hearing him say, "Well, what does she want me to say?"
Upon this record, we will not disturb the trial court's conclusion that the show-up identification procedure employed in this case was unnecessarily suggestive. Moreover, under all the circumstances found by the trial court, including a voice identification made after hearing only one short phrase spoken, without distinguishing characteristics, by a person whom she did not know, and the lack of other corroborating information, the identification was unreliable. See State v. Poole (1996),116 Ohio App.3d 513, 522, 688 N.E.2d 591, 597; see, also, State v.Waddy, 63 Ohio St.3d at 438-440, 588 N.E.2d at 831-832. The trial court did not err in granting Watts's motion to suppress. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 GORMAN and PAINTER, JJ.